# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HAMID HOUBBADI, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:22-cv-00004 |
| MONTGOMERY COUNTY SHERIFF, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On May 4, 2022, the Court performed an initial screening of pro se Plaintiff Hamid Houbbadi's Amended Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and found it subject to dismissal for failure to state a claim on which relief may be granted. (Doc. No. 8). Nevertheless, the Court granted Plaintiff leave to file a Second Amended Complaint in order to supply additional factual support for his claim of denial of access to courts. (Id. at 12).

Plaintiff has now filed his Second Amended Complaint (Doc. No. 11), asserting that Defendant Stilts—"a notary public who provides the inmates with a notary service under color of state or local law"—violated his right of access to courts by delaying notarization of his state-court complaint, despite receiving notice that the deadline for filing the complaint was fast approaching. (Id. at 4, 7). After Stilts's misconduct delayed the filing of the state-court complaint, the defendants to that action sought its dismissal based on the statute of limitations. (Id. at 5).

The Court must review the Second Amended Complaint under the PLRA and dismiss it if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a),

(b)(1). This review requires the Court to determine whether the Second Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

As discussed in the Court's prior screening order (Doc. No. 8), inmates have a fundamental constitutional right to access the courts. Bounds v. Smith, 430 U.S. 817, 821, 828 (1977), abrogated on other grounds by Lewis v. Casey, 518 U.S. 343, 351 (1996). In order to state a viable claim for denial of access to courts, Plaintiff must allege an "actual injury" to a "nonfrivolous," "arguable" legal claim. Lewis, 518 U.S. at 349, 353 & n.3; see Brown v. Matauszak, 415 F. App'x 608, 612 (6th Cir. 2011) (describing "unique pleading requirements" applicable to denial of access claims: "a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost."). Furthermore, the underlying, nonfrivolous claim must involve an attack on Plaintiff's incarceration or challenge to the conditions of his confinement; impairment of inmates' ability to prosecute legal claims that do not attack the fact or conditions of their confinement is not redressable under Bounds, but "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355.

Plaintiff accuses Defendant Stilts of violating his right of access by intentionally withholding notary services until Plaintiff's statute of limitations for filing his state-court complaint expired.[1] (Doc. No. 11 at 7). The Court previously found that Plaintiff's allegations

---

[1] Plaintiff also alleges that other, unnamed jail staff failed to facilitate his attempts to send and receive mail and to place international phone calls, but only Stilts is alleged to have interfered with Plaintiff's access to courts. (Doc. No. 11 at 5–6).

2

concerning his state-court case were insufficiently detailed to support his claim of interference with a non-frivolous legal claim. (Doc. No. 8 at 11–12). Plaintiff has now supplied the missing details about his underlying claim. He has clarified that the claim imperiled by Defendant Stilts's delayed response to his request for notary services was a claim "for fraud and breach of contract against Kennedy law firm" in Montgomery County Circuit Court. (Doc. No. 11 at 7; see id. at 22–37 (attached brief from Kennedy Law Firm, PLLC in underlying state-court litigation)). This claim evidently arose from "Plaintiff's October 1, 2018 consultation with and engagement of [Kennedy Law Firm] and its counsel to represent him in (1) an Order of Protection case in Montgomery County General Sessions Court filed by his wife, Leila Chanane, and (2) a divorce from Chanane." (Id. at 25). Regardless of whether there is any merit to this claim against Plaintiff's former counsel, it clearly does not involve an attack on Plaintiff's incarceration or a challenge to the conditions of his confinement. Therefore, Defendant Stilts's interference with its timely prosecution does not support any plausible claim to a violation of Plaintiff's constitutional right to access the courts. See Lewis, 518 U.S. at 355.

Accordingly, for the reasons given here and in the Court's prior screening order (Doc. No. 8), this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*[signature]*
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE